**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL BATES,<br><br>                    Plaintiff,<br><br>    v.<br><br>CITY OF ELIZABETH, NJ, *et al.*,<br><br>                    Defendants. | Civil Action No.: 20-20129<br><br><br>**OPINION** |

**CECCHI, District Judge.**

## I.    <u>INTRODUCTION</u>

This matter comes before the Court by way of defendants Officer Jessica Marques ("Marques"), Officer Michael Castro ("Castro"), Officer David Padlo ("Padlo"), and Officer Matthew Fonseca's ("Fonseca") (collectively, the "Moving Defendants") motion to dismiss plaintiff Michael Bates's ("Plaintiff") First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 36.  Plaintiff filed an opposition (ECF No. 40 ("Pl. Opp'n Br.")), to which the Moving Defendants each replied (ECF Nos. 43, 44, 45, 46).  This matter is decided without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Moving Defendants' motion to dismiss is granted.

## II.    <u>BACKGROUND</u>

### a.  Factual Background[1]

---

[1] The following facts are accepted as true for purposes of the pending motion.

This action arises out of Plaintiff's allegations that the Moving Defendants used excessive force against him and later engaged in illegal conduct in an effort to cover up their use of excessive force.  Specifically, Plaintiff alleges that on or about December 22, 2018, Officers Marques, Castro, Padlo, and Fonseca were investigating an unrelated domestic dispute in Elizabeth, New Jersey. ECF No. 17 ¶ 11.  Plaintiff alleges that while he was walking on a nearby street, Officers Marques and Castro shot him multiple times without warning or justification. *Id.*  Plaintiff claims that he did not possess a weapon or contraband, nor did he threaten anyone before he was shot. *Id.* ¶ 12.  Plaintiff alleges that after the shooting the Moving Defendants fabricated police reports to support charges against him in an effort to cover up their use of excessive force. *Id.* ¶ 13.  Plaintiff further alleges that once police body camera footage was released purportedly showing what actually occurred on the night of the shooting, the charges against Plaintiff were eventually dropped. *Id.*

**b.  Procedural Background**

Plaintiff commenced this action on December 22, 2019, by filing his initial Complaint (the "Original Complaint"), against the City of Elizabeth (the "City"), the City of Elizabeth Police Department (the "Police Department"), and fictitious defendants (John Does 1-10).[2] ECF No. 1. The Moving Defendants were not named as defendants in the Original Complaint.

On February 18, 2021, in lieu of filing an Answer, the City moved to dismiss the Original Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 7.  On March 22, 2021, Plaintiff filed an opposition to the City's motion to dismiss (ECF No. 10), and a cross-motion for leave to amend his complaint, seeking to amplify the factual allegations supporting his claims against the existing

---

[2] Plaintiff's First Amended Complaint, which is the subject of the instant motion, was filed on June 15, 2021, and does not name the Police Department as a defendant. ECF No. 17.  Accordingly, the Police Department is omitted from the discussion.

2

defendants and to add Marques, Castro, Padlo, and Fonseca as defendants (ECF No. 11-1).  The City opposed Plaintiff's cross-motion for leave to amend his complaint, arguing that the amendment would be futile as the proposed claims now naming the Moving Defendants would be barred by the applicable statute of limitations. ECF No. 15.  On June 7, 2021, Magistrate Judge Mark Falk administratively terminated the City's motion to dismiss the Original Complaint without prejudice and granted Plaintiff's cross-motion for leave to amend his complaint.[3] ECF No. 16.

On June 15, 2021, Plaintiff filed the instant First Amended Complaint, naming the City and the Moving Defendants as defendants. ECF No. 17.  The First Amended Complaint, like the Original Complaint, asserts the following five causes of action:  excessive force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution (Count One); malicious prosecution (Count Two); violations of the New Jersey State Constitution and the New Jersey Civil Rights Act, N.J.S.A. § 10:6–2 (Count Three); conspiracy to violate the United States and New Jersey Constitutions, and to maliciously prosecute Plaintiff (Count Four); and failure to prevent the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution (Count Five). *Id.*  On July 13, 2021, the City filed an Answer. ECF No. 19.  On September 30, 2021, the Moving Defendants filed the instant motion to dismiss Plaintiff's First Amended Complaint, arguing that Plaintiff's claims against them are time-barred because they were not brought within the governing two-year statute of limitations. ECF No. 36.  Plaintiff filed an opposition on October 18, 2021 (ECF No. 40), to which the Moving

---

[3] The issue of the statute of limitations was not previously decided by this Court, despite Plaintiff's suggestion otherwise. *See* Pl. Opp'n Br. at 2.  The Court notes that when Judge Falk ruled on Plaintiff's motion for leave to amend his complaint, he explicitly declined to address the statute of limitations arguments raised by the Moving Defendants. ECF No. 16 at 2.  Therefore, the statute of limitations arguments are properly before the Court at present.

Defendants each filed separate replies on October 22, 2021 (ECF Nos. 43, 44, 45, 46).

## III.   <u>LEGAL STANDARD</u>

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted).  In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## IV.   <u>DISCUSSION</u>

The Moving Defendants argue that Plaintiff's First Amended Complaint should be dismissed in its entirety as to them because they were not named as defendants until after the relevant statute of limitations had expired and that the First Amended Complaint should not relate back to the filing date of the Original Complaint. ECF No. 36-2 ("Mov. Br.").

The parties do not dispute that all of Plaintiff's claims are governed by a two-year statute of limitations. *Id.* at 6–7; Pl. Opp'n Br. at 2.  The parties also do not dispute that Plaintiff's claims arise from events allegedly occurring on December 22, 2018. *Id.*  The Original Complaint was filed exactly two years later, on December 22, 2020 (the day before the statute of limitations expired).  Therefore, the parties do not contest that Plaintiff's claims against the City, which was named in the Original Complaint, were filed within the statute of limitations period. *Id.*  However,

Plaintiff did not individually name the Moving Defendants in this lawsuit until he filed the First Amended Complaint on June 15, 2021, nearly six months after the statute of limitations had expired.  Thus, both parties agree that Plaintiff's claims against the Moving Defendants are time-barred unless the First Amended Complaint relates back to the date of the Original Complaint.

Fed. R. Civ. P. 15(c)(1) states, in relevant part, that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Here, Plaintiff argues that the First Amended Complaint relates back to the date of the Original Complaint under Rule 15(c)(1)(A) or (C).  The Court finds, as explained below, that Plaintiff fails to meet the requirements for relation back under either Rule 15(c)(1)(A) or (C), and discusses each rule in turn.

### a.   Relation Back Under Federal Rule of Civil Procedure 15(c)(1)(A)

First, Plaintiff argues that he meets the requirements for relation back pursuant to Rule 15(c)(1)(A).  As set forth above, Rule 15(c)(1)(A) permits a pleading to relate back to the date of the original pleading when permitted by state law.  Under New Jersey state law, two rules allow

relation back:  the fictitious party rule and New Jersey's general relation back rule.  *See* N.J. Ct. R. 4:26–4 & 4:9–3; *see also Monaco v. City of Camden*, 366 F. App'x 330, 334 (3d Cir. 2010).

Here, Plaintiff appears to argue that both the fictitious party rule and New Jersey's general relation back rule apply in this case.  *See* Pl. Opp'n Br. at 4–8.  However, the general relation back rule under Rule 4:9–3 is not applicable in this case because the Original Complaint identifies "John Doe" defendants.  "When the John Doe designation is used, the fictitious party rule, and not [the general relation back rule], is the applicable rule under which an amendment should be analyzed." *Constantino v. City of Atl. City*, No. 13-6667, 2014 WL 6474076, at *9 (D.N.J. Nov. 19, 2014) (citing cases).  Accordingly, the fictitious party rule is the appropriate New Jersey rule under which to consider the amendment in this case.

The New Jersey fictitious party rule provides that "if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J. Ct. R. 4:26–4. Thus, "[i]f a defendant is properly identified by a fictitious name before expiration of the applicable limitations period, an amended complaint substituting a fictitiously named defendant's true name will relate back to the date of filing of the original complaint." *Claypotch v. Heller, Inc.*, 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003).  However, "[t]he fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 353 (3d Cir. 2004).  The rule is unavailable "if a plaintiff should have known, by exercise of due diligence, [the] defendant's identity prior to the expiration of the statute of limitations." *Id.*

Here, although Plaintiff included "John Doe" defendants in his Original Complaint, the fictitious party rule cannot save Plaintiff's claims.  For a plaintiff to avail himself of the fictitious

party rule, the defendant's true name must have been unknown to the plaintiff at the time he filed his original pleading. *See Lewis v. Brown*, No. 04-6063, 2010 WL 1371939, at *8 (D.N.J. Mar. 30, 2010) (citing N.J. Ct. R. 4:26–4). The rule does not permit relation back of the amendment to the date of the complaint "[w]hen the plaintiff knows or has a reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire." *Farrell v. Votator*, 299 A.2d 394, 396 (N.J. 1973). In this case, the record indicates that Plaintiff knew the Moving Defendants' identities prior to the filing of the Original Complaint. Specifically, it is undisputed that one of Plaintiff's previous attorneys ("original counsel") filed a notice of claim on Plaintiff's behalf on March 14, 2019, a few months after the underlying incident. *See* Pl. Opp'n Br. at 7, Mov. Br. at 10. The notice of claim identifies Marques, Castro, Fonseca, and Padlo as the officers responsible for Plaintiff's injuries. *Id.* Thus, Plaintiff's original counsel was aware that the Moving Defendants were responsible for Plaintiff's injuries no later than March 14, 2019, well before the Original Complaint was filed on December 22, 2020.

While Plaintiff has changed counsel since the notice of claim naming the Moving Defendants was filed, Plaintiff's original counsel's knowledge of the Moving Defendants' identities is imputed to Plaintiff. Generally, information known to a client's counsel is imputed to the client. *See Shenkan v. Potter*, 71 F. App'x 893, 896 (3d Cir. 2003) ((holding that attorney's knowledge of the length of limitations period can be imputed to client, as a client is considered to have "notice of all the facts, notice of which can be charged upon the attorney") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962))). Thus, Plaintiff was aware of the Moving Defendants' identities as of March 14, 2019, when his original counsel filed the notice of claim, before the Original Complaint was filed on December 22, 2020. Accordingly, Plaintiff's claims

against the Moving Defendants cannot relate back under the fictitious party rule because Plaintiff

was aware of their identities before he filed the Original Complaint. *See Otchy v. City of Elizabeth*

*Bd. of Educ.*, 737 A.2d 1151, 1157 (N.J. Super. Ct. App. Div. 1999) (denying the plaintiffs' motion

to amend their complaint after the limitations period had expired, reasoning that the plaintiffs were

aware of the defendant's identity as a possible responsible party before they filed their complaint,

as evidenced by the earlier service of a notice of claim); *see also Lewis*, 2010 WL 1371939, at *8

(holding that the fictitious party rule was "inapplicable" where the plaintiff "knew of [the

defendant]'s identity from the inception of his case").[4]

### b. Relation Back Under Federal Rule of Civil Procedure 15(c)(1)(C)

Next, Plaintiff argues that he meets the requirements for relation back under Rule

15(c)(1)(C).  However, the Court finds, as explained below, that Plaintiff fails to satisfy the second

requirement of Rule 15(c)(1)(C) because he does not show that the Moving Defendants received

notice of the action within 90 days of the filing of the Original Complaint.

Rule 15(c)(1)(C) has three requirements.  First, the requirements of Rule 15(c)(1)(B) must

be met. Fed. R. Civ. P. 15(c)(1)(C).  Second, the newly named defendant must have received notice

---

[4] Even if Plaintiff did not know the Moving Defendants' identities before the Original Complaint was filed, the Court would nevertheless find that the fictitious party rule does not save Plaintiff's claims because Plaintiff fails to demonstrate the required due diligence.  As noted above, "[t]he fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name *before* and *after* filing the complaint." *DeRienzo*, 357 F.3d at 353 (emphasis added).  Here, Plaintiff's current counsel certifies that, upon being retained two days before the statute of limitations was set to expire, he reviewed newspaper articles about the incident, but they did not reveal the names of the officers involved. ECF No. 40-1 at 2.  Plaintiff, however, has not disclosed any efforts to identify the Moving Defendants in the period *before* his current counsel was retained on December 20, 2020, which constitutes almost the entire statute of limitations period.  Thus, due diligence has not been shown. *See, e.g.*, *McGill v. John Does A-Z*, 541 F. App'x 225, 228 (3d Cir. 2013) (noting that the plaintiff's efforts to identify John Doe after filing complaint could not make up for lack of diligence for four years before filing complaint).

of the action such that he will not be prejudiced in defending on the merits within the period provided by Federal Rule of Civil Procedure 4(m), *i.e.*, 90 days from the filing of the original complaint. Fed. R. Civ. P. 15(c)(1)(C)(i).  Third, the newly named defendant knew or should have known, within the Rule 4(m) period, that but for a mistake concerning the proper party's identity he would have been named in the original complaint. Fed. R. Civ. P. 15(c)(1)(C)(ii).[5]

Rule 15(c)(1)(C)(i), the notice requirement, does not require that the newly named defendant receive notice of the original complaint by service of process; instead, "notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001).  In the Third Circuit, notice can be actual or constructive. *Id.*  The Third Circuit recognizes two methods of constructive notice. *Id.* at 196–97.  The first is the "shared attorney" method which requires that the newly named defendant share an attorney with one of the defendants named in the original complaint. *Id.* at 196. The second is the "identity of interest" method which requires that the parties be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.* at 197 (quoting 6A Charles A. Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)).  Thus, in this case, to satisfy Rule 15(c)(1)(C)(i), Plaintiff must show that within the 90-day period after the filing of the Original Complaint, that is by March 22, 2021, the Moving Defendants received actual or constructive notice of his lawsuit.

---

[5] The Court notes, and the Moving Defendants do not dispute, that the claims against the Moving Defendants arise out of the same conduct and occurrence described in the Original Complaint. Accordingly, the first requirement of Rule 15(c)(1)(C) is met.  As the Court finds that Plaintiff fails to satisfy the second requirement of Rule 15(c)(1)(C), the Court does not address whether Plaintiff satisfies the third requirement of Rule 15(c)(1)(C).

Here, Plaintiff argues that the Moving Defendants received actual notice of his action, or constructive notice of his action through the shared attorney method.[6] Pl. Opp'n Br. at 7–8.  First, Plaintiff contends that the Moving Defendants received actual notice of his lawsuit because newspaper articles were released regarding the incident, an investigation was conducted by the Attorney General's office to review the police body camera footage from the incident, and a notice of claim was filed by Plaintiff's original counsel identifying the Moving Defendants in 2019. Pl. Opp'n Br. at 7.  However, these events took place *before* Plaintiff initiated this action on December 22, 2020.  Thus, they cannot constitute actual notice of the action since Plaintiff had not yet filed the action.  *See Singletary*, 266 F.3d at 195 (recognizing that "the notice received must be more than notice of the event that gave rise to the cause of action; *it must be notice that the plaintiff has instituted the action*") (emphasis added); *see also Rowen v. City of Bayonne*, 2009 WL 1470424, at *4 (D.N.J. May 26, 2009) (finding that mentioning the defendant's name in the complaint and listing the defendant under "Names of Employees alleged to be at fault" in the Notice of Tort Claim filed by Plaintiff's counsel was not enough to show that the defendant actually received notice of the commencement of his action, either formally or informally).

Second, Plaintiff argues that the Moving Defendants received constructive notice of his action through the shared attorney method. Pl. Opp'n Br. at 7–8.  Specifically, Plaintiff contends that the Moving Defendants and the City were both represented by Robert F. Varady, Esquire. *Id.* However, Plaintiff does not set forth any facts to support his contention that Varady represented the Moving Defendants during the relevant period.  Moreover, the record does not support a finding of shared representation or communication between the Moving Defendants and Varady

---

[6] Plaintiff does not argue that notice to the Moving Defendants can be imputed through the "identity of interest" method. *See* Pl. Opp'n Br. at 7–8.  Therefore, the Court does not address such method at this time.

which occurred before March 22, 2021.[7]  Therefore, notice may not be imputed to the Moving

Defendants through the shared attorney method. *See Maliandi v. Montclair State Univ.*, No. 14-

1398, 2017 WL 935160, at *3 (D.N.J. Mar. 9, 2017), *aff'd*, No. 14-01398, 2017 WL 3023205

(D.N.J. July 17, 2017) (declining to impute notice via the shared attorney method where "[p]laintiff

offer[ed] nothing more than speculation that the proposed defendants were actually represented by

counsel of record"); *see also Lockwood v. City of Philadelphia*, 205 F.R.D. 448, 452 (E.D. Pa.

2002) (holding that the individual newly named officers did not have constructive notice of the

action based upon the City's representation).

## V.   CONCLUSION

For the reasons stated above, the Moving Defendants' motion to dismiss (ECF No. 36)

Plaintiff's First Amended Complaint (ECF No. 17) is granted.  Plaintiff may file an amended

complaint that cures the pleading deficiencies discussed herein within thirty (30) days of the date

of this Opinion.  An appropriate Order accompanies this Opinion.

**DATE:** June 24, 2022

*s/ Claire C. Cecchi*
_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[7] The Court notes that the Moving Defendants assert that Varady was not retained to represent them until after they were named as defendants in the First Amended Complaint, *after* the relevant 90-day period. *See* Mov. Br. at 13.  Plaintiff does not set forth any facts to counter the Moving Defendants' assertion, and the Court does not find any evidence of shared representation in the record. Notably, Varady did not file an official entry of appearance nor file any motions or pleadings on behalf of the Moving Defendants during the relevant period.